**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL REEVES             )
                              Plaintiff,  )   CV-N-04-0716-LRH (VPC)
                                   )
                vs.        )   **REPORT AND RECOMMENDATION**
                                   )   **OF U.S. MAGISTRATE JUDGE**
STATE OF NEVADA, ET AL.,   )
                                   )
                    Defendants. )   January 19, 2006
_____)

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss the entire complaint for failure to exhaust administrative remedies as to one count (#15). Plaintiff opposed (#19, 20), and defendants replied (#23).

The court has thoroughly reviewed the record and the motions and recommends that defendants' motion to dismiss the complaint be granted with leave to amend to allege only fully exhausted claims.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Michael Reeves ("plaintiff") is a prisoner at Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (*See* #19). Plaintiff's complaint concerns events that occurred while he was incarcerated at Ely State Prison ("ESP") (#7). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment

rights to equal protection and due process of law.[1]  *Id*.  Plaintiff names as defendants State of Nevada Attorney General, Ted D'Amico, NDOC medical director; E.K. McDaniel, ESP warden; and John Doe, ESP doctor.  *Id*.

Plaintiff's three counts allege that defendants violated his Eighth and Fourteenth Amendment rights.  *Id*.  In count I, plaintiff claims that since May 2004 defendants have refused to treat his severe neck, shoulder and arm pain.  *Id*.  Plaintiff contends that x-rays were ordered in August 2004, but apparently he received no treatment.  *Id*.  Plaintiff alleges that defendants Ted D'Amico, John Doe and E.K. McDaniel were aware of the situation through medical kites and grievances submitted by plaintiff.  *Id*.

In count II, plaintiff claims that he asked Dr. MacArthur for pain medication in May 2004, and the doctor referred him to warden McDaniel.  *Id*.  Plaintiff contends that the warden responded that it was the doctor's decision, yet plaintiff has not received pain medication.  *Id*.  Again plaintiff states that Ted D'Amico, John Doe and warden McDaniel were fully aware of the situation through medical kites and grievances that plaintiff filed.  *Id*.

In count III, plaintiff claims that on January 6, 2005, he was taken to a hospital in Ely for x-rays.  *Id*.  He asserts that John Doe never gave him the x-ray results and that defendants sent him his x-ray results only after he filed a civil rights complaint.  *Id*.

Defendants move to dismiss plaintiff's action for failure to exhaust administrative remedies as to count III (#15).

---

[1] Plaintiff filed his original complaint on April 14, 2005 (#6) and filed his amended complaint on April 27, 2005 (#7). At defendants' request (#21), plaintiff was granted an extension of time to supplement his opposition to prove exhaustion (#22). Plaintiff failed to supplement.

2

## II. DISCUSSION & ANALYSIS

**A. Discussion–exhaustion of administrative remedies**

The Prison Litigation Reform Act of 1996 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). All available remedies must be exhausted before a complaint under § 1983 may be entertained. *Id.* at 738. Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002), *citing Booth*, 532 U.S. at 739-40, n. 5. Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Booth*, 532 U.S. at 741, n.6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

Exhaustion under section 1997e(a) is an affirmative defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The dismissal of an action for the failure to exhaust administrative remedies is not a decision on the merits and thus is best addressed under a Rule 12(b) motion to dismiss. *Id.* "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."[2] *Id.* at 1119-20. If the

---

[2] As noted by the *Wyatt* court, this procedure is closely analogous to summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, n. 14 (9th Cir. 2003).

court concludes that the prisoner has not exhausted his or her administrative remedies, the proper procedure is dismissal of the claim without prejudice. *Id.* at 1120.

The NDOC grievance procedure is governed by A.R. 740, which was effective on January 5, 2004 (#15, ex. A). In order to exhaust available remedies, A.R. 740 requires as follows: (1) an informal review process within six months of an incident involving a civil rights claim; (2) a first level formal written grievance appealing the informal grievance decision to the warden; and (3) a second level grievance, which the Assistant Director of Operations decides. *Id*. A.R. 740 requires NDOC officials to respond at each grievance level within a specified time period, beginning from the date of receipt of the inmate's grievance. *Id*. Inmates may only grieve issues for which they have standing, that is, they generally may not raise issues involving harm suffered by another inmate. *Id*.

Though a circuit split on the issue exists,[3] the Ninth Circuit recently held that the PLRA does not mandate dismissal of an entire action if the inmate failed to exhaust his administrative remedies as to certain claims, but exhausted administrative remedies as to other claims. *Lira v. Herrera*, 427 F.3d 1164, 1171 (9th Cir. 2005). The court reached this determination for three reasons. *Id*. First, the court explained that PLRA § 1997e(c) dictates dismissal of certain defective suits and claims, those that are "frivolous, malicious, fail[] to state a claim upon which relief can be granted, or seek[] monetary relief from a defendant who is immune from such relief," but does not direct that "mixed" actions must be dismissed. *Id*. Second, the court compared the reference to dismissal of a "claim" in § 1997e(c)(2) for failure to exhaust with the

---

[3]*Compare Bey v. Johnson*, 407 F.3d 801, 809 (6th Cir. 2005) (holding that § 1997e(a) mandates dismissal of an entire action when a prisoner files a mixed complaint), *and Ross v. County of Bernalillo*, 365 F.3d 1181, 1182 (10th Cir. 2004) (holding that § 1997e(a) creates a total exhaustion-dismissal rule), *with Ortiz v. McBride*, 380 F.3d 649, 651 (2d Cir. 2004) (holding that § 1997e(a) is not a total exhaustion-dismissal rule), *and Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003) (holding that § 1997e(a) requires dismissal of only the defective, mixed complaint rather than the entire action).

4

reference to dismissal of an "action" in § 1997e(c)(1) and concluded that the difference indicates that "claims that have not been exhausted can be treated independently, for dismissal purposes, from the action as a whole." *Id*. at 1172.  Third, the court determined that interpreting the word "action" in § 1997e(a) and (c)(1) to signify that a failure to exhaust any claim mandates dismissal of the suit as a whole would render (c)(2) superfluous. *Id*.  The court held that when a plaintiff files a "mixed" complaint, "the district court should dismiss the unexhausted claims when the unexhausted claims are not intertwined with the properly exhausted claims." *Id*. at 1175.  When the "mixed" complaint contains exhausted and unexhausted claims that are closely related and difficult to separate, "dismissal of the defective complaint with leave to amend to allege only fully exhausted claims [] is the proper approach." *Id*. at 1176.

**B. Analysis**

Defendants acknowledge that plaintiff exhausted his administrative remedies as to counts I and II (#15).  In support of their argument that plaintiff failed to grieve count III, defendants include the affidavit of NDOC health information director Karen L. Walsh (*Id*.; #17).  Walsh attests that her August 2005 review of plaintiff's inmate grievance file revealed that plaintiff filed no grievances alleging that x-rays were taken at an Ely hospital and that John Doe failed to reveal the results to plaintiff. *Id*.

Plaintiff contends that he has exhausted his administrative remedies (#19, 20).  He provides a copy of a completed grievance in which he complained that three weeks after he underwent doctor-ordered x-rays of his neck, right shoulder and arm in August 2004 he had not received the results and had been improperly charged for the x-rays (#20).  Plaintiff alleges no facts and offers no evidence to support his assertion that he exhausted administrative remedies

5

as to his claim that John Doe failed to provide him with the results of January 2005 x-rays until he filed a civil rights complaint (*See* #19, 20).

Plaintiff's claims all relate to his allegedly not receiving proper medical attention, thus arguably the claims are closely related and difficult to separate. *Lira*, 427 F.3d at 1176. Because plaintiff contends that in separate incidents, involving different defendants, he never received x-ray results, it appears inappropriate to view plaintiff's claims as so intertwined as to amount to a single, exhausted claim. *Id.*, at 1177, n.13. If the court finds the claims are more accurately viewed as a single claim, the court could deny defendants' motion to dismiss. *Wyatt,* 315 F.3d at 1119. However, the PLRA exhaustion requirement aims to give prison officials the first opportunity to rectify issues within their institution. *Lira,* 427 F.3d at 1171. Plaintiff failed to grieve his concerns relating to the January 2005 x-ray. Therefore, defendants' motion to dismiss plaintiff's "mixed" complaint is granted with leave to amend to allege only the fully exhausted claims.[4] *Id*. at 1176.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff failed to exhaust his administrative remedies as to count III before filing a § 1983 complaint. As such, the court recommends that the defendants' motion to dismiss (#15) be granted and that plaintiff's complaint be dismissed with leave to amend to allege only fully exhausted claims.

---

[4]Plaintiff states that at some point he received the x-rays he refers to in count III (#7). Plaintiff sued John Doe in his official capacity only, and therefore, Doe is not amenable to suit for damages. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Will v. Michigan Dep't. Of State Police*, 491 U.S. 58, 71 (1989). Because plaintiff received the x-rays, injunctive relief is unnecessary, and therefore, count III does not appear to state a claim for which relief may be granted. FED. R. CIV. P. 12(b)(6).

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that defendants' motion to dismiss (#15) be GRANTED with leave to amend.

DATED: January 18, 2006.

_____
**UNITED STATES MAGISTRATE JUDGE**