1
2
3                    **UNITED STATES DISTRICT COURT**
4                        **DISTRICT OF NEVADA**
5
6    MICHAEL REEVES                    )
                                       )        3:04-CV-0716-LRH (VPC)
7              Plaintiff,              )
                                       )
8         vs.                          )        **REPORT AND RECOMMENDATION**
                                       )        **OF U.S. MAGISTRATE JUDGE**
9    STATE OF NEVADA, ET AL.,          )
                                       )
10             Defendants.             )        February 14, 2007
                                       )
     _____  )
11
12          This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

13   District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28

14
     U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#34).
15
16   Plaintiff did not file an opposition.  Additionally before the court is plaintiff's objection to

17   extension of time and motion for default judgment (#35/36).  Defendants filed a notice regarding

18   plaintiff's objection to extension of time (#37) and an opposition to plaintiff's motion for default

19   (#38).  Plaintiff did not file a reply.  For the reasons stated below, the court recommends that both

20   the defendants' motion to dismiss (#34) and the plaintiff's motion for default judgment (#36) be

21
22   denied.

23                     **I.  HISTORY & PROCEDURAL BACKGROUND**

24          Plaintiff Michael Reeves ("plaintiff"), a *pro se* prisoner, is an inmate within the Nevada

25   Department of Corrections ("NDOC") and was incarcerated at Ely State Prison ("ESP") at the

26   time his complaint was filed (#7).  On or about February 27, 2006, plaintiff was transferred

27   temporarily to the custody of the State of Illinois at the Massac County Detention Center to await

28
     trial on charges in Illinois (#32).  Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983,

alleging in counts I and II that prison officials violated his Eighth Amendment right prohibiting cruel and unusual punishment because the defendants denied him requested medical treatment (#7).[1]   Plaintiff names as defendants the State of Nevada; Ted D'Amico, NDOC Medical Director; John Doe, "Doctor Ely Prison"; and E.K. McDaniel, ESP Warden.  *Id*.  All individual defendants are named in their "official" capacities.  *Id*., p. 2.

The procedural history in this case is relevant to the motions currently pending before the court.  Plaintiff filed his initial complaint on April 14, 2005 (#6) and his amended complaint on April 27, 2005 (#7).  On June 24, 2005, the court completed screening the plaintiff's complaint in accordance with 28 U.S.C. § 1915(e), and requested that the clerk of court send a copy of the complaint to the Attorney General of the State of Nevada, who was ordered to advise the court whether it would accept service (#8).  The Attorney General accepted service for defendants McDaniel and D'Amico on July 26, 2005 (#11), and filed a motion to dismiss count III on August 25, 2005 (#15).  On February 9, 2006, the District Court affirmed this court's January 19, 2006 report and recommendation (#24) dismissing count III (#31).  The District Court also ordered defendants to file an answer to counts I and II by March 10, 2006.  *Id*.

Meanwhile, in February 2006, plaintiff was transferred to the custody of the State of Illinois to await trial.  Plaintiff filed a notice of change of address on March 2, 2006, listing his address as the Massac County Detention Center in Metropolis, Illinois (#32).

The defendants did not file a responsive pleading by March 10, 2006.  On July 18, 2006, having noticed the defendants' failure to file a responsive pleading, this court issued a minute order stating, "The Court will *sua sponte* grant defendants one extension of time to August 11, 2006 to file an answer" (#33).  On August 2, 2006, defendants filed a motion to dismiss counts

---

[1] Plaintiff's amended complaint (#7) also contained a third count, which the court dismissed on February 9, 2006 for failure to exhaust administrative remedies (#31).

I and II for failure to state a claim upon which relief can be granted, based on the doctrine of sovereign immunity (#34).  Also on August 2, 2006, plaintiff filed an objection to the court's grant of extension of time (#35) and a motion for default judgment (#36).

On August 11, 2006, this court issued an order pursuant to *Klingele v. Eikenberry*, setting out the requirements for responding to a dispositive motion and informing plaintiff that his opposition to defendants' motion to dismiss was due within fifteen days (#39).  The plaintiff did not file an opposition within the ordered time frame; therefore, on November 13, 2006, the District Court issued a second *Klingele* order (#40).  Finally, on December 4, 2006, this court *sua sponte* granted the plaintiff "one **final** extension of time" to December 22, 2006, to file an opposition to the defendants' motion to dismiss (#41) (emphasis in original).  All three orders were sent to plaintiff at the Massac County Detention Center in Metropolis, Illinois pursuant to plaintiff's change of address notice filed on March 2, 2006; however, this court listed plaintiff's NDOC inmate number on the envelopes containing the orders.  *Id*.  Both the District Court's November 13, 2006 order and this court's December 4, 2006 order were returned to the court stamped "Return to Sender; Wrong Institutional Number; Cannot Identify" (#s 43, 44).  The plaintiff never filed an opposition to the defendants' motion to dismiss.

The Court notes that the plaintiff is proceeding *pro se*.  "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

///

///

///

## II.  DISCUSSION & ANALYSIS

### A.  Discussion

#### 1.  Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party.  *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  For the movant to succeed, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Barnett*, 31 F. 3d at 816; *see also Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990).

Under section 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and (2) that the defendant acted under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  "'Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'"  *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quoting *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977)).  "The plaintiff must 'allege with at least some degree of particularity overt acts which defendants engaged in' that support the plaintiff's claim."  *Id*., quoting *Powell v. Workmen's Compensation Board*, 327 F.2d 131, 137 (2d Cir. 1964).

#### 2. Motion for Default

Obtaining a default judgment in federal court is a two-step process – (1) entry of default and (2) default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

4

Rule 55 of the Federal Rules of Civil Procedure states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a).  After the entry of default has been entered by the clerk of court, the party seeking default may make a motion to the court requesting a judgment of default.  Fed. R. Civ. P. 55(b).

There is no right to a default judgment; its entry is entirely within the discretion of the district court.  *See Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986); *see also Rashidi v. Albright*, 818 F. Supp. 1354, 1356, n.4 (D.Nev. 1993).  Defaults are generally disfavored, *see Eitel*, 782 F.2d at 1472, and courts will attempt to resolve motions for entry of default "so as to encourage a decision on the merits."  *See McMillen v. J.C. Penney Co., Inc.*, 205 F.R.D. 557, 558 (D. Nev. 2002) *citing TCI Group Life Ins. Plan v. Knoebber*, 224 F.3d 691, 696 (9th Cir. 2001).

**B. Analysis**

Initially, the court notes that all parties to these proceedings have made mistakes that have contributed to the procedural confusion of this case – the court mailed orders to the plaintiff using an incorrect inmate number; the *pro se* plaintiff failed to file an opposition to defendants' motion to dismiss and failed to file points and authorities supporting his motion for defaults; and defendants failed to file an answer within the time frame ordered by the District Court's February 9, 2006 order.  Because of these multiples errors and for the reasons stated below, the court declines to grant either motion.

**1. Plaintiff's Motion for Default Judgment**

Plaintiff objects to the fact that the court granted defendants an extension of time in which to file a responsive pleading (#35).  Plaintiff asserts that because defendants failed to file a

1    responsive pleading within the thirty-day time frame set by the court's February 9, 2006 order and

2    also failed to request an extension of time in which to file an answer, defendants defaulted and

3    he is entitled to a default judgment (#36).

4         Defendants admit that they did not answer within the time frame set by the court's

5    February 9, 2006 order,[2] however, defendants argue that the court possesses the inherent right to

6    control its docket and was permitted to grant an extension of time to file an answer (#37).

7    Additionally, defendants argue that plaintiff's motion for default was not filed in conformance

8    with the local rules because it fails to contain points and authorities as required by Local Rule 7-2

9    (#38, *citing* Local Rule 7-2(d) (The failure of a moving party to file points and authorities in

10   support of the motion shall constitute a consent to the denial of the motion)).  Defendants also

11   contend that plaintiff's motion is not in conformity with Federal Rule of Civil Procedure 55(a)

12   (#38).  While acknowledging plaintiff's *pro se* status, defendants argue that even *pro se* litigants

13   are not excused from the basic rules and requirements of the court.  *Id.*, *citing Briones v. Rivera*

14   *Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997).

15        The court granted defendants an extension of time to file a responsive pleading before the

16   plaintiff filed his motion for default (#33).  Defendants thereafter filed a responsive pleading

17   within the time frame granted by this court and on the same day the plaintiff filed his motion for

18   default.  Because the defendants filed their responsive pleading with the time granted by the court,

19   defendants have not defaulted and the court denies plaintiff's motion.

## 2. Defendants' Motion to Dismiss

     Defendants bring their motion to dismiss based on the doctrine of sovereign immunity

---

[2] Defendants' counsel states that at the time the answer was due, she had thirty-four cases in her caseload and she read a case summary that erroneously informed her that the parties were awaiting a decision on the defendants' motion to dismiss (#38, Declaration of Susan K. Stewart, ¶ 2).  Counsel states that she acted in good faith.  *Id.*, ¶ 3.

(#34).  Defendants note that plaintiff sued each individual defendant in their "official" capacity and additionally named the State of Nevada as a defendant.  *Id.*; *see also* #7.  Defendants argue that the State of Nevada is immune from prosecution under the Eleventh Amendment and that because plaintiff sued defendants D'Amico and McDaniel in their official capacities, they are not "persons" for the purposes of a section 1983 claim.  *Id.*

Plaintiff failed to oppose defendant's motion to dismiss.  Because the plaintiff is *pro se*, the court issued two *Klingle v. Eikenberry* orders and one minute order *sua sponte* granting an extension of time.  Had the plaintiff received all of these orders, the court would conclude that the plaintiff had more than adequate warning of the consequences of failing to file an opposition.  However, as noted above, the clerk's office received two of the orders back in the mail as undeliverable.  The court sent the orders to the plaintiff in Illinois using his NDOC inmate number, and apparently, the Illinois court system has been unable to locate him.  Although it is true that the local rules state that the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion, *see* LR 7-2(d), in this case it does not appear that the *pro se* plaintiff has been adequately noticed regarding the consequences of failing to file an opposition.

Defendants have stated that pursuant to the Interstate Agreement on Detainers, plaintiff will be returned to Nevada at the conclusion of his legal proceedings in Illinois; therefore, even though plaintiff is currently in Illinois, he is still under the purview of NDOC.  The court believes that NDOC likely has plaintiff's contact information; therefore, NDOC is ordered to submit to the court any and all addresses it has for plaintiff.

Although the court does not address the defendants motion to dismiss on its merits, the court believes that the defendants' motion may contain valid arguments.  As such, while the court

denies the defendants' motion to dismiss, it grants defendants leave to re-file its motion after defendants submit the plaintiff's current address to the court.

### III. CONCLUSION

The court concludes that because it granted defendants an extension of time in which to file an answer, defendants did not default. The court also concludes that the pro se plaintiff likely has not received adequate notice that his failure to oppose defendants' motion to dismiss will result in the granting of defendants' motion. Therefore, the court respectfully recommends that the defendants' motion to dismiss (#34) be **DENIED WITHOUT PREJUDICE** and the plaintiff's motion for default judgment (#36) be **DENIED**. The defendants are ordered to submit all addresses they have for the plaintiff within fifteen days of the date of this order and are granted leave to re-file their motion to dismiss.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)© and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

///

///

8

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that  the defendants' motion to dismiss (#34) be **DENIED WITHOUT PREJUDICE** and the plaintiff's motion for default judgment (#36) be **DENIED**.  The defendants are ordered to submit all addresses they have for the plaintiff within fifteen days of the date of this order and are granted leave to re-file their motion to dismiss.

**DATED:** February 14, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**