

FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 18

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

1

2

3

4 | MICHAEL REEVES,

5 |        Plaintiff,

6 | vs.

7 | STATE OF NEVADA, *et al.*,

8 |        Defendants.

)
)   3:04-cv-0716-RLH (VPC)
)
)
)
)   **REPORT AND RECOMMENDATION**
)   **OF U.S. MAGISTRATE JUDGE**
)
)   December 18, 2007
)

9

10       This Report and Recommendation is made to Roger L. Hunt, United States District Judge.

11 The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

12 and LR IB 1-4. Before the court is defendants' motion to dismiss (#47). Plaintiff opposed (#63)

13 and defendants did not reply. The court has thoroughly reviewed the record and the motion and

14 recommends that defendants' motion to dismiss (#47) be granted.

15                    **I. HISTORY & PROCEDURAL BACKGROUND**

16       Plaintiff Michael Reeves ("plaintiff"), acting *in pro se*, is a prisoner incarcerated in the

17 custody of the Nevada Department of Corrections ("NDOC"), formerly at Ely State Prison

18 ("ESP") (#7). On or about February 27, 2006, plaintiff was transferred temporarily to the custody

19 of the State of Illinois pursuant to the Interstate Agreement of Detainers to await trial on charges

20 in Illinois (#32). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging that prison

21 officials violated his Eighth Amendment right prohibiting cruel and unusual punishment because

22 the defendants denied him requested medical treatment. *Id.* Plaintiff names as defendants the

23 State of Nevada; Ted D'Amico, NDOC Medical Director; John Doe, "Doctor Ely Prison"; and

24 E. K. McDaniel, ESP Warden. *Id.*[1]

25

26      [1] Plaintiff filed a motion to proceed *in forma pauperis* on December 6, 2004 (#1). On April 14, 2005,

27 the court granted plaintiff's motion (#5) and filed plaintiff's original complaint (#6). On April 27, 2005,
plaintiff filed an amended complaint (#7). The court subsequently dismissed plaintiff's count III (#24 and

28 #31).

1    This case has a tortured procedural history, some of which the court has already set out

2  in prior orders (#45 and #62). The court will not rehash the history here except as necessary to

3  the pending motion to dismiss. On August 6, 2006, defendants filed a motion to dismiss (#34).

4  In its February 14, 2007 report and recommendation, this court noted that plaintiff had not

5  received certain court orders due to clerical errors, and denied defendants' motion to dismiss

6  based on these errors. *Id.* However, this court stated:

7         Although the court does not address the defendants motion to
          dismiss on its merits, the court believes that the defendants'
8         motion may contain valid arguments. As such, while the court
          denies the defendants' motion to dismiss, it grants defendants
9         leave to re-file its motion after defendants submit the plaintiff's
          current address to the court.

10  *Id.*[2]

11    Defendants complied with this court's order regarding plaintiff's address and inmate

12  number (#46), and re-filed their motion to dismiss (#47). The court issued a *Klingele* order on

13  March 12, 2007, notifying plaintiff of his obligations in responding to a dispositive motion (#49).

14  Instead of filing an opposition to defendants' motion to dismiss, on April 11, 2007, plaintiff filed

15  a motion for a continuance (#52) and motion for appointment of counsel (#53). The court denied

16  both motions after a hearing on June 4, 2007, and ordered plaintiff to file a motion in opposition

17  to defendants' motion to dismiss (#62). Plaintiff filed his opposition on June 11, 2007 (#63).[3]

18

19

20    [2] The District Court affirmed and adopted this court's report and recommendation on March 12, 2007 (#50).

21    [3] Unfortunately, despite defendants' prompt submission of plaintiff correct Illinois address and
22  inmate number in February 2007, plaintiff's address was not changed in the court's electronic system. Once
    again, the court's *Klingele* order was sent to an incorrect address. Thereafter, the Massac County Detention
23  Center in Illinois sent this court a letter with plaintiff's correct address, but with an incorrect inmate number
    (#51). Because this incorrect number was entered into the court's system instead of the correct one
24  defendants had provided, further problems sending orders to plaintiff in Illinois ensued (#59, #60, and #61).
    The problem was eventually resolved.
25    Although much of the delay in this case can be attributed to this court's errors and defendants' errors,
    the court notes that plaintiff also has an obligation to inform the court of his whereabouts. Pursuant to the
26  Local Rules of Special Proceedings and Appeals, a prisoner has an obligation to "immediately file with the
    court written notification of any change of address. The notification must include proof of service upon each
27  opposing party or the party's attorney. Failure to comply with this rule may result in dismissal of the action
    with prejudice." LSR 2-2. Plaintiff did initially inform the court of his move to the Massac County
28  Detention Center in February 2006 (#32). Plaintiff claims that he sent a second change of address notice in

1    The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the

2    plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff

3    the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th

4    Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

5                                    **II. DISCUSSION & ANALYSIS**

6        **A. Discussion**

7            **1. Motion to Dismiss Standard**

8    When considering a motion to dismiss for failure to state a claim upon which relief can

9    be granted, all material allegations in the complaint are accepted as true and are construed in the

10   light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F.3d 815, 816 (9th Cir.

11   1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it

12   must appear to a certainty that plaintiff will not be entitled to relief under the facts alleged in the

13   complaint. *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990). Under section

14   1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right,

15   privilege or immunity guaranteed by the U.S. Constitution or federal law, and (2) that the

16   defendants acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also*

17   *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

18       **B. Analysis**

19           The court set out the above procedural history because plaintiff's opposition to

20   defendants' motion to dismiss focuses on these procedural issues and the merits of his complaint

21   rather than on the immunity argument in defendants' motion to dismiss (#63). Since plaintiff's

22   address and inmate number have been corrected, and plaintiff has received a copy of defendants'

23   motion to dismiss and an opportunity to respond, the court now addresses defendants' motion on

24   its merits.

25           Defendants argue that because plaintiff sued the State of Nevada and each defendant in

26   ————————————————————

27   August 2006, when he was moved from Massac County Detention Center to Menard Correctional Center
     (#63). Clearly, the court did not receive such notice. However, considering all of the errors in this case, and

28   the plaintiff's *pro se* status, the court gives the plaintiff the benefit of the doubt.

                                                       3

1  their official capacities, plaintiff's complaint must be dismissed because defendants are immune

2  from prosecution pursuant to the Eleventh Amendment (#45). The Eleventh Amendment states:

3  "The Judicial power of the United States shall not be construed to extend to any suit... against one

4  of the United States by Citizens of another State... ." U.S. Const. amend XI. The Supreme Court

5  has held that a suit against a state official in his or her official capacity is not suit against that

6  official. but rather a suit against the official's office; therefore, an official acting in his or her

7  official capacity is not a "person" under section 1983. *Will v. Michigan Dept. of State Police*, 491

8  U.S. 58, 71 (1989).  Since the state and its officials are not considered "persons" within the

9  meaning of section 1983, "they cannot be held liable under the statute for money damages." *Bank*

10  *of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003).  However, when a state

11  official is sued in his official capacity for prospective injunctive relief, he is considered a "person"

12  for the purposes of section 1983. *Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836,

13  839 (9th Cir. 1997).

14       In his amended complaint, plaintiff names each defendant in his official capacity, rather

15  than in his individual capacity (#7). Plaintiff requests that the defendants pay him "in excess of

16  $10,000," as well as all costs incurred in bringing the complaint.  *Id.*  It is clear that defendants

17  cannot be sued in their official capacities for money damages. *Bank of Lake Tahoe*, 318 F.3d at

18  918. Plaintiff also seeks prospective injunctive relief in that he requests an order allowing him

19  to "see a doctor outside the Nevada Dept. of Corrections for a second opinion" (#7).  While

20  defendants can be sued for injunctive relief in their official capacities, plaintiff is housed

21  indefinitely in Illinois awaiting trial; thus, his request for injunctive relief is moot.

22       However, because plaintiff is acting *in pro se*, he is granted leave to amend his complaint

23  to correct its deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (where a *pro se*

24  plaintiff fails to state a claim, he or she "must be given leave to amend his or her complaint unless

25  it is absolutely clear that the deficiencies of the complaint could not be cured by amendment").

26                                    **III. CONCLUSION**

27       Based on the foregoing and for good cause appearing, the court concludes that defendants

28  are immune from suit for money damages in their official capacities and that plaintiff's request

for injunctive relief is moot.  As such, the court recommends that defendants' motion to dismiss (#47) be **GRANTED**.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#47) be **GRANTED**.     Should the District Court approve and adopt this court's report and recommendation, plaintiff shall file his amended complaint within fifteen days of the District Court's order.

**DATED:** December 18, 2007.

UNITED STATES MAGISTRATE JUDGE